IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| JOHN REGINALD REED, PATRICIA ANN REED, and CHARLES ADAM FIECHTNER, SR. | CV 11-102-M-DWM-JCL |
| Plaintiffs, | FINDINGS AND RECOMMENDATION |
| vs. | |
| MISSOULA HOUSING AUTHORITY EMPLOYEES: JOHN ELLISON, AMELIA LYON, and MARY MELTON, | |
| Defendants. | |

_____

**I.     INTRODUCTION**

This matter is before the Court due to the failure of Plaintiffs John Reed and Charles Fiechtner, Sr. to comply with the Court's Orders of August 31 and September 20, 2011. For the reasons stated, the Court recommends that this action be dismissed without prejudice as to Plaintiffs John Reed and Charles Fiechtner, Sr.

On July 19, 2011, Plaintiff Patricia Reed filed a Motion to Proceed In Forma Pauperis under authority of 28 U.S.C. § 1915(a)(1), and lodged a Complaint on behalf of all three Plaintiffs. Plaintiffs John Reed and Charles Fiechtner, Sr.

1

(together Plaintiffs), however, never filed a motion to proceed in forma pauperis. Thus, by Order entered August 31, 2011, the Court directed both John Reed and Fiechtner to submit, by September 9, 2011, a separate motion to proceed in forma pauperis under 28 U.S.C. § 1915(a)(1). Alternatively, the Court noted Reed and Fiechtner could pay the $350 filing fee imposed under 28 U.S.C. §§ 1914(a). Neither Reed nor Fiechtner responded to the August 31, 2011 Order.

Giving due consideration to the Plaintiffs' pro se status, the Court afforded John Reed and Fiechtner a second opportunity to comply with the Court's Order. Specifically, by Order dated September 20, 2011, the Court directed Reed and Fiechtner to pay the filing fee by September 30, 2011. Neither Reed nor Fiechtner has paid the filing fee.

## II. DISCUSSION

Rule 41(b), Fed. R. Civ. P., authorizes the court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" The court may dismiss a case under Rule 41(b) sua sponte. *See e.g.*, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 631-633 (1962); *Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal of a case under Rule 41(b) as a consequence of a party's failure to comply with a court order, the court must weigh five factors: (1)

2

the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). These five "factors are 'not a series of conditions precedent before the judge can do anything,' but are a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

### A. Expeditious Resolution

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The district courts are in a superior position to evaluate this factor and to determine when a particular delay interferes with the public's interests. *Id*. (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Under the circumstances of this case, this factor weighs in favor of dismissing this case. The dismissal would be without prejudice so that Plaintiffs may re-file their complaint at a later date. But, at this juncture, in view of

Plaintiffs' failure to prosecute this case and comply with the Court's Orders, an expeditious resolution of this matter is in the public's interest.

### B. Docket Management

Again, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Litigants who do not actively pursue their claims or obey the court's orders disrupt the court's handling of other matters by consuming time and resources needed by other litigants who are active and compliant. *See Pagtalunan*, 291 F.3d at 642. The court must be able to "manage its docket without being subject to routine noncompliance of litigants[.]" *Id*. (citing *Ferdik*, 963 F.2d at 1261).

Plaintiffs have demonstrated their inability or unwillingness to comply with the Court's August 31 and September 20, 2011 Orders. Thus, in the interest of judicial economy, the Court's time is better spent on cases in which the litigants are compliant. Therefore, this factor weighs in favor of dismissal.

### C. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v.*

*United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987)). Although there are inherent delays in the normal course of litigation, a party's "unreasonable" delay and noncompliance can cause prejudice to the opposing party. *Id*. The law presumes that an unreasonable delay has caused prejudice to the opposing party. *In re Phenylpropanolamine*, 460 F.3d at 1227-28.

Although none of the Defendants have appeared in this action, prejudice is inherent in the delay caused by Plaintiffs' noncompliance. *See Pagtalunan*, at 643 (finding that stale evidence and faded memories prejudice the litigation). But, absent evidence before the Court with respect to any prejudice any of the Defendants may have suffered, the Court deems this factor to have neutral weight under the circumstances of this case and in the context of the Court's analysis under Rule 41(b).

### D. Less Drastic Alternatives

A court is obligated to consider the impact of a dismissal as a sanction, and the adequacy of less drastic sanctions. *In re Phenylpropanolamine*, 460 F.3d at 1228 (citing *Malone*, 833 F.2d 131-32). A court's "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Id*. at 1229 (citations omitted).

The Court has already provided Plaintiffs two opportunities to file motions to proceed in forma pauperis or pay the filing fee. Had Plaintiffs complied their conduct would have alleviated the need for a Rule 41(b) dismissal of this case. At this time, there is no reason to expect Plaintiffs will "respond more satisfactorily to [an additional] round" of opportunities to comply with the Court's Orders than they did the first two times. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). The Court is also not required to exhaust all alternative less-drastic sanctions prior to dismissal. *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

Finally, the Court's August 31 and September 20, 2011 Orders warned Plaintiffs that this matter would be closed if they did not file their motions to proceed in forma pauperis, or pay the filing fee. Therefore, in considering other less drastic alternatives, the Court concludes dismissal is appropriate.

### E. **Disposition on the Merits**

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Regardless of the circumstances of any particular case, this factor will always counsel against dismissal.

## III. CONCLUSION

Based on the foregoing, although the policy favoring disposition of cases on their merits weighs against dismissal under Rule 41(b), taken as a whole the remaining factors support the dismissal of this case as to John Reed and Charles Fiechtner, Sr. Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) [...] operates as an adjudication on the merits." To allow for the potential of a future disposition of this case on its merits, the Court does not recommend this dismissal as an adjudication of the merits of the claims of John Reed and Fiechtner. Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b) as to John Reed and Fiechtner.

The Court will proceed to consider Plaintiff Patricia Reed's in forma pauperis application, and conduct a preliminary screening of Patricia Reed's claims as required under 28 U.S.C. § 1915(e)(2).

DATED this 5th day of October, 2011.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge