IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

JOHN REGINALD REED,                       CV 11-102-M-DWM-JCL
PATRICIA ANN REED, and
CHARLES ADAM FIECHTNER, SR.,[1]

           Plaintiffs,            ORDER

vs.

MISSOULA HOUSING AUTHORITY
EMPLOYEES: JOHN ELLISON,
AMELIA LYON, and MARY MELTON,

           Defendants.
_____

**I.**    **INTRODUCTION**

Plaintiff Patricia Reed, proceeding pro se, has filed a Motion to Proceed In Forma Pauperis. Reed submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears she lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Reed's Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the

---

[1] On October 5, 2011, the Court entered its recommendation that this action be dismissed as to Plaintiffs John Reed and Charles Fiechtner, Sr. Thus, this Order addresses only claims advanced by Plaintiff Patricia Reed.

1

filing fee, and the Clerk of Court is directed to file Reed's lodged Complaint as of the filing date of her request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Reed's pleadings to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff Patricia Reed commenced this action complaining about her housing circumstances, and the housing assistance — or alleged lack of assistance — provided by Defendants. Reed alleges Defendants have engaged in misconduct and mismanagement during the course of performing their duties as employees of the Missoula Housing Authority. Reed complains that although she had requested that she be placed in a rental house, Defendants instead temporarily placed her in housing as a co-tenant with her father, John Reed, and another co-tenant, Charles Fiechtner, Sr. Reed further complains that Defendants later coerced her to sign documents for purposes of "evicting" Charles Fiechtner, Sr. Reed proceeds to allege that Defendants committed numerous abusive and criminal acts in connection with the performance of their jobs assisting Reed, her father, and Fiechtner with their housing needs.

## III. DISCUSSION

Because Reed is proceeding pro se the Court must construe her pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## A. **Jurisdiction**

In addition to the grounds for dismissal set forth in 28 U.S.C. § 1915(e)(2) above, to avoid dismissal Reed's Complaint must set forth sufficient allegations to invoke the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).[2]

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

Furthermore, the federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And a district court may dismiss an action sua sponte whenever it appears that

---

[2] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

A federal court's jurisdiction is generally limited to cases involving diversity of citizenship (28 U.S.C. § 1332), a federal question (28 U.S.C. § 1331), or cases in which the United States is a party (28 U.S.C. §§ 1345 and 1346). Sections 1345 and 1346 are not applicable in this case because the United States is not a party to this action.

### 1. **Diversity Jurisdiction is Absent**

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiff and each of the defendants. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)). Each plaintiff must be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001). To properly invoke diversity jurisdiction of the court a plaintiff must affirmatively allege the citizenship of the parties to the action. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

It does not appear Reed is invoking diversity jurisdiction because Reed does not identify the citizenship of any party involved in this action. Absent allegations

of citizenship, the Court's diversity jurisdiction under 28 U.S.C. § 1332 is not properly invoked in this case.

## 2. Federal Question Jurisdiction

Liberally read, Reed's Complaint appears to be invoking federal question jurisdiction under 28 U.S.C. § 1331. However, Reed fails to set forth a clear basis for federal question jurisdiction under 28 U.S.C. § 1331. Although Reed refers generally to constitutional or civil rights violations in the caption of her Complaint, the pleading does not expressly plead any cause of action arising under any specific provision of the United States Constitution, or the laws or treaties of the United States as required for jurisdiction under § 1331. If Reed intends to plead a cause of action under the United States Constitution for a violation of her civil rights, then she must identify the specific constitutional right or rights she alleges Defendants violated.

Additionally, Reed must identify Defendants as an entity or individuals against whom a viable federal cause of action can be asserted. The Court recognizes that Reed's allegations purportedly name a local governmental entity, or an arm thereof (the Missoula Housing Authority), and three individual Defendants who are officers or employees of the Missoula Housing Authority. In light of Reed's reference to a governmental entity, the Court must consider

whether her possible claims against the Defendants give rise to any federal claim which, in turn, would be a predicate basis for federal subject matter jurisdiction.

In considering Reed's allegations against the Defendants identified in this action, the Court finds the allegations could be liberally construed to assert a claim under 42 U.S.C. § 1983. Section 1983 states, in part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. Section 1983 is the vehicle through which a plaintiff can present claims under federal law against a state or local government official or employee if the plaintiff can establish that the official or employee was acting under color of state law and deprived the plaintiff of a federal right.

Reed's allegations fail to set forth sufficient allegations to state a claim for relief under § 1983. She has failed to set forth factual allegations describing how Defendants, acting under color of state law, deprived her of any right under either the United States Constitution or federal law. The Court will, however, afford Reed an opportunity to amend her allegations to state a federal claim.

## B. Short and Plain Statement of Jurisdiction, Claims and Relief

Reed is advised that Rule 8(a) of Federal Rules of Civil Procedure requires "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a). For purposes of stating a claim for relief, a pleading need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted).

Reed must provide short and plain statements advising the Court of the following:

>   (1) what it is that the Missoula Housing Authority and the individual Defendants each did or failed to do; and
>
>   (2) what injury Reed suffered as a result of each Defendant's conduct.

Additionally, Reed must set forth factual allegations establishing this Court's jurisdiction. Specifically, Reed shall expressly plead facts establishing that her claims arise under the United States Constitution or some other federally protected right. To the extent possible, Reed shall identify the specific federal right she believes was violated by the conduct of each Defendant.[3]

---

[3] If Reed intends to invoke diversity jurisdiction she shall affirmatively allege the citizenship of each party to this action.

## IV. CONCLUSION

Based on the foregoing, the Court finds Reed's Complaint, as presently pled, is subject to dismissal for lack of jurisdiction, and for failure to state a claim on which relief could be granted. In view of Reed's pro se status, however, the Court will afford her an opportunity to amend her allegations to cure the defects noted in this Order.

**ACCORDINGLY, IT IS HEREBY ORDERED** that on or before **November 10, 2011,** Reed shall file an amended complaint. The Clerk of Court is directed to provide Reed with a form for filing an amended complaint. Pursuant to Fed. R. Civ. P. 8(a), Reed's amended complaint shall set forth a short and plain statement of (1) her claims against each individual defendant showing that she is entitled to relief, and (2) the grounds for the court's jurisdiction over this action.

At all times during the pendency of this action, Reed shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Reed is advised that her failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also

9

result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 12th day of October, 2011.

    /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge