IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

JOHN REGINALD REED,　　　　　　　　　　CV 11-102-M-DWM-JCL
PATRICIA ANN REED, and
CHARLES ADAM FIECHTNER, SR.,

　　　　　　Plaintiffs,　　　　　　　　FINDINGS AND
　　　　　　　　　　　　　　　　　　　　RECOMMENDATION
　　vs.

MISSOULA HOUSING AUTHORITY
EMPLOYEES: JOHN ELLISON,
AMELIA LYON, and MARY MELTON,

　　　　　　Defendants.
_____

## I.　INTRODUCTION

This matter is before the Court due to Plaintiff Patricia Reed's failure to comply with the Court's Order of October 12, 2011. For the reasons stated, the Court recommends that Patricia Reed's claims, and this entire action be dismissed without prejudice.

On July 19, 2011, Patricia Reed filed a motion requesting the Court to authorize her prosecution of this action under authority of 28 U.S.C. § 1915(a)(1). And she lodged a Complaint for herself and on behalf of Plaintiffs John Reed and Charles Fiechtner, Sr. Neither John Reed nor Fiechtner filed a motion to proceed

1

in forma pauperis. Consequently, the Court afforded John Reed and Fiechtner an additional opportunity to either pay the filing fee, or apply for leave to proceed in forma pauperis, but they failed to exercise either option. Then by Order entered November 1, 2011, the District Court dismissed their claims without prejudice.

In the meantime, the Court granted Patricia Reed leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). After reviewing the merits of Reed's allegations as required under 28 U.S.C. § 1915(e)(2), the Court found her Complaint was subject to dismissal for lack of jurisdiction. By Order entered October 12, 2011, the Court directed Reed to file an amended complaint on or before November 10, 2012, to cure the defects in her jurisdictional allegations. Dkt. 8 at 9. Reed has failed to comply with the referenced Order.

## II. DISCUSSION

Rule 41(b), Fed. R. Civ. P., authorizes the court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" The court may dismiss a case under Rule 41(b) sua sponte. *See e.g.*, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 631-633 (1962); *Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal of a case under Rule 41(b) as a consequence of a party's failure to comply with a court order, the court must weigh five factors: (1)

the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants or respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). These five "factors are 'not a series of conditions precedent before the judge can do anything,' but are a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

### A. Expeditious Resolution

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The district courts are in a superior position to evaluate this factor and to determine when a particular delay interferes with the public's interests. *Id*. (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Under the circumstances of this case, this factor weighs in favor of dismissing this case. The recommended dismissal would be without prejudice so that Reed may re-file her complaint at a later date. But, at this juncture, in view of

Reed's failure to prosecute this case and comply with the Court's Order, an expeditious resolution of this matter is in the public's interest.

### B. Docket Management

Again, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Litigants who do not actively pursue their claims or obey the court's orders disrupt the court's handling of other matters by consuming time and resources needed by other litigants who are active and compliant. *See Pagtalunan*, 291 F.3d at 642. The court must be able to "manage its docket without being subject to routine noncompliance of litigants[.]" *Id*. (citing *Ferdik*, 963 F.2d at 1261).

Reed has demonstrated her inability or unwillingness to comply with the Court's October 12, 2011. Thus, in the interest of judicial economy, the Court's time is better spent on cases in which the litigants are compliant. Therefore, this factor weighs in favor of dismissal.

### C. Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v.*

4

*United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987)). Although there are inherent delays in the normal course of litigation, a party's "unreasonable" delay and noncompliance can cause prejudice to the opposing party. *Id*. The law presumes that an unreasonable delay has caused prejudice to the opposing party. *In re Phenylpropanolamine*, 460 F.3d at 1227-28.

Although none of the Defendants have appeared in this action, prejudice is inherent in the delay caused by Reed's noncompliance. *See Pagtalunan*, at 643 (finding that stale evidence and faded memories prejudice the litigation). But, absent evidence before the Court with respect to any prejudice any of the Defendants may have suffered, the Court deems this factor to have neutral weight under the circumstances of this case and in the context of the Court's analysis under Rule 41(b).

### D. Less Drastic Alternatives

A court is obligated to consider the impact of a dismissal as a sanction, and the adequacy of less drastic sanctions. *In re Phenylpropanolamine*, 460 F.3d at 1228 (citing *Malone*, 833 F.2d 131-32). A court's "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Id*. at 1229 (citations omitted).

The Court described the jurisdictional defects in Reed's Complaint with sufficient detail to enable her to cure those defects, and the Court provided her an opportunity to file an amended pleading. Had Reed complied her conduct would have alleviated the need for a Rule 41(b) dismissal of this case. At this time, however, there is no reason to expect Reed will "respond more satisfactorily to [an additional] round" of opportunities to comply with the Court's Order than she did the first time. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). The Court is also not required to exhaust all alternative less-drastic sanctions prior to dismissal. *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

Finally, the Court's October 12, 2011 Order warned Reed that this matter would be dismissed if she did not file her amended pleading. Therefore, in considering other less drastic alternatives, the Court concludes dismissal is appropriate.

### E. **Disposition on the Merits**

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Regardless of the circumstances of any particular case, this factor will always counsel against dismissal.

## III. CONCLUSION

Based on the foregoing, although the policy favoring disposition of cases on their merits weighs against dismissal under Rule 41(b), taken as a whole the remaining factors support the dismissal of Reed Complaint and this case. Rule 41(b) provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) [...] operates as an adjudication on the merits." To allow for the potential of a future disposition of this case on its merits, the Court does not recommend this dismissal as an adjudication of the merits of Reed's claims. Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b).

DATED this 21st day of November, 2011.

                                              /s/ Jeremiah C. Lynch
                                              Jeremiah C. Lynch
                                              United States Magistrate Judge