**FILED**

DEC 0 8 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| JOHN REGINALD REED, PATRICIA ANN REED, and CHARLES ADAM FIECHTNER, SR., | ) ) ) ) | CV 11-102-M-DWM-JCL |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| MISSOULA HOUSING AUTHORITY EMPLOYEES: JOHN ELLISON, AMELIA LYON, and MARY MELTON, | ) ) ) ) | |
| Defendants. | ) ) | |

Magistrate Judge Jeremiah Lynch entered Findings and Recommendations in this matter on November 21, 2011 (dkt # 11). He recommended this action be dismissed without prejudice due to Plaintiff Patricia Reed's failure to comply with his October 12, 2011 Order (dkt # 8).[1] Because Reed's original complaint failed

---

[1] The claims of Plaintiffs John Reed and Charles Fiechtner, Sr. were dismissed November 1, 2011 for failure to pay the filing fee or file for leave to proceed in forma pauperis.

to identify the alleged basis for this Court's jurisdiction, she was ordered to file an amended complaint by November 10, 2012. She did not do so.

Reed filed objections to Judge Lynch's Findings and Recommendations on December 6, 2011 (dkt # 12). She is thus entitled to *de novo* review of the specified findings or recommendations to which she objects. 28 U.S.C. § 636(b)(1).

Reed argues the proper venue for her case is in the Helena Division. However, as explained by Judge Keith Strong in his Order transferring the case to Missoula (dkt # 4), venue is proper in any Division of the Court containing a county of proper venue under Montana law. Under Montana law, the proper venue for actions against public officers and their agents is the county where the cause or some part of the cause of action arose. Mont. Code Ann. § 25-2-125. As Reed's claims arose in Missoula, venue is proper in the Missoula Division of this Court.

Reed also contests Judge Lynch's authority to enter Findings and Recommendations in this matter. The appointment and authority of United States magistrate judges is described in 28 U.S.C. § 631 et seq. Judge Lynch properly exercised his authority under 28 U.S.C. § 636(b)(1).

The Court notes that Reed raises new factual allegations that were not

included in her Complaint. A district court may, but is not required, to consider evidence presented for the first time in objections to a magistrate judge's findings and recommendations. See Brown v. Roe, 279 F.3d 742, 744 (9th Cir.2002). Because Reed still fails to explain the jurisdictional basis of her complaints, this Court declines to consider the new allegations.

When a plaintiff fails to prosecute a case or comply with a court order, the court may dismiss the case under Rule 41(b). Several factors support dismissal here: the public's interest in expeditious resolution of litigation, the court's need to manage its docket; the risk of prejudice to the defendants; and the availability of less drastic alternatives. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). In his October 12, 2011 Order, Judge Lynch described in detail the jurisdictional defects in Reed's complaint and provided her the opportunity to amend her complaint. He also recommended that her claims be dismissed without prejudice to allow for the potential disposition of the claims on their merits in the future. This Court finds no clear error in Judge Lynch's balancing of the factors weighing for and against the dismissal of Reed's claims.

Accordingly, IT IS HEREBY ORDERED:

1. Judge Lynch's Findings and Recommendation (dkt # 11) are ADOPTED.

2. This matter is DISMISSED without prejudice pursuant to Rule 41(b) of

the Federal Rules of Civil Procedure. However, this dismissal shall not operate as an adjudication on the merits of Reed's claims. The Clerk of Court is directed to terminate all pending motions and close this matter.

Dated this 8th day of December, 2011.

Donald W. Molloy, District Judge
United States District Court